UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| SARAH J. ALMON,<br><br>    Plaintiff,<br><br>V.<br><br>JERMAINE KILGORE, in his official and individual capacity as a Kentucky State Trooper;<br>JARED F. NEWBERRY, in his official and individual capacity as a Kentucky State Trooper; and<br>DEPARTMENT OF KENTUCKY STATE POLICE<br><br>    Defendants. | Civil No. 3:19-cv-0004-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on two motions to dismiss filed by the Defendants. Plaintiff Sarah Almon seeks damages under various theories of liability against the Kentucky State Police and two state troopers after a police pursuit resulted in a motorcycle accident. However, Ms. Almon's claims against the official defendants are barred by sovereign immunity, and her claims against the individual defendants fail to state claims upon which relief may be granted. Therefore, both of the Defendants' motions to dismiss are **GRANTED** and all claims in this matter are **DISMISSED**.

**I**

**A**

On or about May 18, 2017, Trooper Jermain Kilgore and Trooper Jared Newberry of the Kentucky States Police began pursuit of a motorcycle traveling west on Interstate 64. [R. 1-2 at

2–3.] Steven G. Thompson was operating the motorcycle, transporting Plaintiff Sarah Almon as a passenger. *Id*. at 3. During the pursuit, Trooper Newberry positioned his vehicle across the westbound lanes of the interstate, in the path of the motorcycle, causing the motorcycle to collide with Trooper Newberry's vehicle. *Id*. Ms. Almon was thrown from the motorcycle and suffered serious injuries. *Id*.

On December 19, 2018, Ms. Almon sued the Department of Kentucky State Police, Trooper Kilgore in his official and individual capacities, and Trooper Newberry in his official and individual capacities in Shelby Circuit Court in Shelby County, Kentucky. [R. 1-2.] In her complaint, she seeks compensatory and punitive damages for violations of 42 U.S.C. § 1983, negligence, negligence *per se*, violations of the Kentucky constitution, assault, battery, and respondeat superior. *Id*. Counts I–VI apply to all defendants, while Count VII, alleging respondeat superior, alleges liability only for the Kentucky State Police.

Defendants removed this action for original jurisdiction, based on the alleged violations of 42 U.S.C. §1983.[1] [R. 1 at 2.] Immediately thereafter, the Kentucky State Police and Troopers Kilgore and Newberry in their official capacities (collectively referred to hereinafter as the Kentucky State Police) filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). [R. 4.] Troopers Kilgore and Newberry also filed a motion to dismiss in their individual capacities under Rule 12(b)(6). [R. 5.] Ms. Almon filed a response in objection to the motion filed

---

[1] Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction for matters "arising under the Constitution, laws, or treaties of the United States." This case was removed pursuant to 28 U.S.C. § 1441(a) because the Court has original jurisdiction over claims arising under 42 U.S.C. § 1983. Accordingly, the Court finds removal proper. In addition to her sole federal law claim, Ms. Almon alleges six Kentucky law causes of action. [R. 1-2.] A federal court can maintain pendant jurisdiction over state law claims if both the state and federal claims derive from a common nucleus of operative fact and if the plaintiff would be expected to try all of her claims in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Because Ms. Almon's claims all relate to a single motor vehicle accident and she would be expected to try all of her claims in one proceeding, the Court finds pendant jurisdiction over the state law claims proper.

individually by Troopers Kilgore and Newberry but did not respond to the motion filed by the Kentucky State Police. [R. 6; R. 7; R. 8.] The time to file such a response has now expired. LR 7.1(c).

**B**

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of subject-matter jurisdiction as a defense. A motion to dismiss under Rule 12(b)(1) is different from a motion to dismiss under Rule 12(b)(6) because it challenges the Court's power to hear the case before it. When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). In answering this question, the Court is "empowered to resolve factual disputes" and need not presume that either parties' factual allegations are true. *Id*.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

## II

### A

The Kentucky State Police contend that the Court has no subject matter jurisdiction over the official capacity claims because the official defendants enjoy sovereign immunity against all claims asserted by Ms. Almon. [R. 4 at 1.] The Court notes, at the outset here, Ms. Almon maintains the burden of proving jurisdiction, however, she has filed no response to the Defendants' motion. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). The Eleventh Amendment prohibits a citizen from suing a state unless the state has waived sovereign immunity. This restriction extends even to federal § 1983 claims which originated in state court. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66–69 (1989). The Commonwealth of Kentucky has not expressly waived immunity in this situation or in any way consented to suit in this Court. [R. 4 at 7.] Such waiver or consent must be express and unequivocal in order to bypass immunity. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). As an agency of the Commonwealth of Kentucky, the Kentucky State Police enjoys sovereign immunity under the Eleventh Amendment. *Pennhurst*, 465 at 100. Actions against state officials in their official capacity, as is here against Trooper Kilgore and Trooper Newberry in their official capacities, are considered suits against the state, and thus also barred by the Eleventh Amendment. *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 50–51 (1944); *see also Ford motor Co. v. Department of Treasury of State of Indiana*, 323 U.S. 459, 349–50 (1945).

*Ex Parte Young* creates a narrow exception to the Eleventh Amendment, permitting injunctive action against a state official when the official has some connection with the enforcement of an unconstitutional act. 209 U.S. 123, 157 (1908). However, Ms. Almon has not

requested any type of injunctive relief, and therefore, the *Ex Parte Young* exception does not apply. Even if a § 1983 claim asserts a violation of the Constitution, the Eleventh Amendment completely bars a federal court from awarding damages against the state treasury. *Pennhurst*, 465 at 120. Accordingly, Ms. Almon's § 1983 claim against the Kentucky State Police must be dismissed.

When a plaintiff asserts a § 1983 claim, the district court maintains supplemental jurisdiction to address state law claims related to those federal claims. *Voyticky v. Timberlake*, 412 F.3d 669, 674–75 (6th Cir. 2005). However, the constitutional bar under the Eleventh Amendment applies to supplemental state claims just as it applies to federal claims. *Pennhurst*, 465 at 120. As the Supreme Court has stated, "If we were to hold otherwise, a federal court could award damages against a State on the basis of a pendent claim. Our decision in *Edelman v. Jordan, supra*, makes clear that pendent jurisdiction does not permit such an evasion of the immunity guaranteed by the Eleventh Amendment." *Id*. at 120–21 (citing *Edelman v. Jordan*, 415 U.S. 651 (1974). Claims that state officials violated state law is a claim against the state, and here, Ms. Almon seeks damages for such violations. *See id*. Therefore, Ms. Almon's state law claims against the Kentucky State Police must also be dismissed for lack of subject matter jurisdiction.

**B**

Troopers Kilgore and Newberry also filed a motion to dismiss the claims against them in their individual capacities. [R. 5.] Ms. Almon did respond to this motion, but only contested their assertion of qualified official immunity in regard to the state law negligence claims. [R. 8.] Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over pendant state-law claims. Here, the Court has power to resolve Ms. Almon's state law claims because the federal

law claim under 42 U.S.C. § 1983 confers subject matter jurisdiction on the court, the state law claims and federal law claims arise from a common nucleus of operative fact, and Ms. Almon would be expected to try all of these claims in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Ms. Almon does not contest supplemental jurisdiction here.

### 1

Several of Ms. Almon's claims must be dismissed because they are time barred. Neither party disputes that the accident occurred on May 18, 2017, however, Ms. Almon did not file her complaint until December 19, 2018, nineteen months after the cause of action accrued. [R. 1-2.] In Count I, Ms. Almon asserts a violation of 42 U.S.C. § 1983. The statute of limitations applicable to § 1983 actions is determined by the state statute of limitations applicable to personal injury actions in the state in which the claim arises. *Eidson v. State of Tenn. Dept. of Children's Services*, 510 F.3d 631, 634–35 (6th Cir. 2007). The date upon which this statute begins to run is a question of federal law. *Id*. Ordinarily, this limitation begins when a plaintiff knows or has reason to know of the injury which provides the basis for her action. *Id*. Here, Ms. Almon knew or had reason to know of the injury on the date of the accident, May 18, 2017, and she makes no argument that her cause of action is based on a continuing violation after the date of the accident. *See Eidson*, 510 at 635–36. Furthermore, in Kentucky, the statute of limitations for personal injury actions is one year. Ky. Rev. Stat. 413.140(1). Therefore, Ms. Almon had one year after the date of the accident to bring her claim, and she did not do so. *See, also, Tidaback v. City of Georgetown*, 2017 WL 1217165, Action No. 5:15-cv-226-JMH, at *3 (E.D. Ky. Mar. 31, 2017). Because she failed to file a complaint within the one-year statute of limitations, Ms. Almon's Count I for violations of 42 U.S.C. § 1983 must be dismissed.

Additionally, Ms. Almon asserts Count V for state law claims of assault and Count VI for state law claims of battery. The one-year statute of limitations also applies to these counts, as Kentucky law considers assault and battery to be "personal injury actions." Ky. Rev. Stat. § 413.140(1); *Resthaven Mem'l Cemetery*, 150 S.W.2d 908, 910–11 (Ky. 1941). As in federal law, the cause of action under theories of personal injury in Kentucky accrues at the time the injury was discovered or should have been discovered, which was here the date of the accident, May 18, 2017. Ky. Rev. Stat § 413.140(2). Because Ms. Almon did not file her claims for assault and battery within the one-year period after her accident, Counts V and VI must also be dismissed.

2

Defendants also assert that Ms. Almon has no private right of action for damages resulting from violations of the Kentucky Constitution. [R. 5-1.] Ms. Almon does not contest this. [R. 8.] Indeed, the Supreme Court of Kentucky has expressly determined that no private right of action for Kentucky Constitutional violations exists under Kentucky Statute, and the Supreme Court of Kentucky declined to create such a right of action. *St. Luke Hosp. v. Straub*, 354 S.W.3d 529, 536–38 (Ky. 2011). Because Kentucky law does not recognize a right to action, Ms. Almon's Count IV must be dismissed as well.

3

Finally, Troopers Kilgore and Newberry argue they are entitled to official immunity as to Ms. Almon's claims for negligence and negligence *per se*. [R. 5-1 at 6–14.] Ms. Almon disagrees. [R. 8.] When a public officer is sued in his individual capacity, in Kentucky, he enjoys qualified official immunity, protecting him from liability only for "good faith judgment calls made in a legally uncertain environment." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky.

2001). Qualified immunity extends exclusively to discretionary acts or functions performed in good faith within the scope of the official's authority. *Ritche v. Turner*, 559 S.W.3d 822, 831 (Ky. 2018) (citing *Yanero*, 65 S.W.3d at 522). Whether an official is entitled to qualified immunity is a determination of law for the court. *Wegener v. City of Covington*, 933 F.3d 390, 392 (6th Cir. 1991)

The parties primarily disagree as to whether the actions taken by Troopers Kilgore and Newberry were ministerial acts or discretionary acts. "Discretionary acts are, generally speaking, those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment." *Haney v. Monsky*, 311 S.W.3d 235, 240 (Ky. 2010) (citations omitted). In contrast, ministerial acts only require obedience to orders or, if a duty is "absolute, certain, and imperative," a ministerial act involves the "execution of a specific act arising from fixed and designated facts." *Id.* (citations omitted). Because few acts are purely discretionary or purely ministerial, the analysis focuses on the dominant nature of the act. *Id.*

Responding to an emergency call is a ministerial action. *Jones v. Lathram*, 15- S.W.3d 50, 53 (Ky. 2004). Driving a car safely during such an emergency call is a ministerial action. *Id.* However, a police officer in Kentucky may "use such force as is necessary, or reasonably appears so, to take a suspect into custody." *Haugh v. City of Louisville*, 242 S.W.3d 683, 686 (Ky. Ct. App. 2007) (citations omitted). The determination of the necessary amount of force required to arrest a suspect is a discretionary act. *Smith v. Norton Hosps., Inc.*, 488 S.W.3d 23, 31 (Ky. Ct. App. 2016) (citations omitted); *see also Estate of Collins v. Wilburn*, -- F. App'x --, 2018 WL 6012329, at *5 (6th Cir. Nov. 15, 2018).

Ms. Almon alleges negligence in Count II based on the violation by Troopers Kilgore and Newberry of certain Kentucky State Police policies, including "the initiation of a pursuit, the

continuation of a pursuit, the operation of motor vehicles during the pursuit, and the use of force during a pursuit." [R. 1-2 at 5.] She claims that each of these functions are ministerial, and thus, Defendants cannot be afforded qualified immunity. *Id*. According to her facts, Trooper Kilgore initiated the pursuit while Trooper Newberry positioned his vehicle in the path of the motorcycle. *Id*. at 3. While an officer does not have discretion on the manner in which he operates his vehicle during an emergency pursuit, the decisions concerning whether to begin, continue, and/or end an emergency pursuit are discretionary acts. *City of Brooksville v. Warner*, 533 S.W.3d 688, 694–95 (Ky. Ct. App. 2017). Thus, Ms. Almon's allegations concerning the initiation and continuation of the pursuit pertain to discretionary acts, not ministerial ones. Trooper Newberry did not pursue the motorcycle, but rather positioned his vehicle as a method of force by which to arrest the driver of the motorcycle. That use of force is a discretionary act. *Smith*, 488 S.W.3d at 31. As to Trooper Kilgore, Ms. Almon does not allege any facts suggesting negligent operation of his vehicle, only that he was negligent in the initiation and continuation of the pursuit of the motorcycle. [R. 1-2 at 3–5.] Therefore, all acts alleged as to Count II are discretionary.

In Count III, Ms. Almon claims negligence *per se* pursuant to violations of Kentucky Revised Statutes §§ 189.290, 189.450, 189.090, 189.940, 431.045, and/or 503.090. [R. 1-2 at 6.] Each of these statutes outline regulations for operating motor vehicles, which of those regulations are suspended for police officers during an emergency pursuit, and the permitted use of force during arrest. As stated previously, Ms. Almon has not provided any facts suggesting that Troopers Kilgore and Newberry drove their vehicles negligently, but rather that Trooper Newberry was negligent in positioning his vehicle in front of the motorcycle. However, as the Court has already noted, this act was not the manner of operation of his vehicle, but instead a use of force to effectuate an arrest. Such an act is discretionary, and use of force, even deadly force,

9

is permitted by Kentucky law. *Smith*, 488 S.W.3d at 31; Ky. Rev. Stat. § 503.090.

Once an officer can demonstrate a *prima facie* case that the act was discretionary and within the officer's authority, the burden shifts back to the Plaintiff to prove the act was not performed in good faith. *Yanero*, 65 S.W.3d at 523. Here, Ms. Almon does not contest that the actions were taken within the scope of the troopers' authority, nor does she attempt to provide facts demonstrating the act was not performed in good faith. The ultimate burden here rests on the plaintiff to demonstrate the officers are not entitled to qualified immunity, and Ms. Almon has alleged no facts that suggest bad faith on the part of either Trooper Kilgore or Trooper Newberry. [*See* R. 1-2; R. 8.] Having not met her burden, both Trooper Kilgore and Trooper Newberry are entitled to qualified immunity against Ms. Almon's negligence claims. Therefore, as to Counts II and III, Ms. Almon has failed to state a claim upon which relief may be granted.

### III

The Court recognizes that Ms. Almon was injured after the Defendants' pursuit of Steven Thompson resulted in the collision with a motorcycle on which she was a passenger. However, the Court cannot award her the relief she seeks for the various reasons specified above. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Motion to Dismiss filed by Defendants Jermaine Kilgore in his official capacity, Jared Newberry in his official capacity, and the Department of Kentucky State Police [**R. 4**] is **GRANTED**;

2. All claims filed by Plaintiff Sarah Almon against Defendants Jermain Kilgore in his official capacity, Jared Newberry in his official capacity, and the Department of Kentucky State Police are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction;

3. The Motion to Dismiss Pursuant filed by Defendant Jermain Kilgore in his

individual capacity and Defendant Jared Newberry in his individual capacity [**R. 5**] is **GRANTED**; and

    4.    All claims filed by Plaintiff Sarah Almon against Defendant Jermain Kilgore in his individual capacity and Defendant Jared Newberry in his individual capacity are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

This the 13th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge